IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Phillip James Schaefer, | ) | Case No. 6:21-25-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Fluor Enterprises, Inc. d/b/a Fluor Daniel, | ) | |
| f/k/a Fluor Daniel, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. Phillip James Schaefer ("Schaefer" or "Plaintiff"), a former employee of Fluor Enterprises, Inc. d/b/a Fluor Daniel, f/k/a Fluor Daniel, Inc. ("Defendant"), filed a Complaint on January 5, 2021, alleging that he was wrongfully terminated in retaliation for confronting company representatives and reporting their conduct to human resources in violation of 42 U.S.C. § 2000e-3. (DE 1.) Plaintiff served Defendant with a Summons on April 9, 2021. (DE 9.) Defendant filed a Motion to Dismiss (DE 10) pursuant to Rule 12(b)(5) Fed. R. Civ. P., contending Plaintiff's Complaint should be dismissed because Plaintiff failed to properly serve the Summons and Complaint within 90 days, or show good cause for the delay as required under Rule 4(m) Fed. R. Civ. P. The Report recommends denying Defendant's Motion to Dismiss. However, the Court declines to adopt the Report and grants the Motion to Dismiss for the reasons discussed herein.

Although Defendant has filed an objection to the Report (DE 19), to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections

1

constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Defendant raises two main objections which the Court will discuss *seriatim*. First, Defendant objects to the Report contending that the Court must follow the binding precedent concerning Rule 4(m) as set out in Mendez v. Elliott, 45 F.3d 75, 79 (4th Cir. 1995) (holding "the court may only grant the extension [to effectuate service of process] for good cause"). (DE 19, p. 2.) In the Fourth Circuit, Mendez, is controlling precedence. Neither the United States Supreme Court nor the Fourth Circuit Court of Appeals have overruled Mendez, and therefore, the Court must follow Mendez.[1] Accordingly, the Court finds that Plaintiff must show good cause to avoid dismissal.

---

[1] Both the Report and Plaintiff have cited Henderson v. United States, 517 U.S. 654, 662-63 (1996) and various unpublished Fourth Circuit Court of Appeals opinions to support the proposition that Rule 4(m) in fact affords courts discretion to extend the period of time to effectuate service, even if there is no good cause shown. However, the Court finds the United States Supreme Court's reference to Rule 4(m) as noted

Second, Defendant objects to the Report contending Plaintiff has not shown good cause for his failure to timely serve the Summons. (DE 19, p. 4.) Plaintiff's only explanation for his late execution is that "he had a mistaken understanding of the Rule 4 deadline that, among other factors, contributed to the late filing." (DE 13, p. 1.) "Establishing good cause is the responsibility of the party opposing the motion to dismiss ... and 'necessitates a demonstration of why service was not made within the time constraints.'" Scott v. Maryland State Dep't of Lab., 673 F. App'x 299, 306 (4th Cir. 2016). Courts have declined to give it a concrete definition for good cause preferring to analyze a number of factors which include "whether: 1) the delay in service was outside the plaintiff's control, 2) the defendant was evasive, 3) the plaintiff acted diligently or made reasonable efforts, 4) the plaintiff is pro se or in forma pauperis, 5) the defendant will be prejudiced, or 6) the plaintiff asked for an extension of time under Rule 6(b)(1)(A)." Id. The Court finds Plaintiff's explanation does not qualify as good cause because his explanation lacks sufficient information to apply the factors.[2]

It is, therefore, **ORDERED** that the Defendant's Motion to Dismiss (DE 10) is granted and Plaintiff's Complaint is hereby dismissed without prejudice.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
November 15, 2021

---

in the Report is dicta and the Court notes that the unpublished Fourth Circuit cases are not binding precedent considering Mendez.

[2] As the Court has determined that Plaintiff has not shown good cause, the Court does not reach the Report's discretionary determination concerning whether an extension is warranted or any of Defendant's remaining objections therein as they are moot.

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.